IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| AMY DAVIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:20-00762-CV-DGK |
| EISAI, INC. and ARENA PHARMACEUTICALS, INC., | ) |
| Defendants. | ) |

## ORDER GRANTING EISAI'S PARTIAL MOTION TO DISMISS

This product liability lawsuit arises out of Plaintiff Amy Davis' use of the prescription weight-loss medication Belviq, also known as lorcaserin hydrochloride. Plaintiff alleges her use of Belviq caused or significantly contributed to her development of breast cancer.

Now before the Court is Defendant Eisai, Inc.'s ("Eisai") motion to dismiss for failure to state a claim. ECF No. 38. Eisai argues Plaintiff's negligent misrepresentation claim (Count IV) is deficient because the Amended Complaint does not plead fraud with sufficient particularity. Plaintiff argues the heightened pleading requirements of Rule 9(b) do not apply to negligent misrepresentation claims and that Count IV passes muster under Rule 8's general pleading standards.

Holding that a heightened pleading standard does apply to the negligent misrepresentation claim here, and that Count IV fails to meet this standard, the motion is GRANTED. Count IV is dismissed without prejudice.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the

complaint's factual allegations and view them in the light most favorable to the Plaintiff [ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

Allegations of fraud must be plead with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.") In practice, this typically requires the party alleging fraud "to identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

This Court has previously applied the heightened standard to negligent misrepresentation claims. *See Hillcrest Bank, N.A. v. Cordsen*, No. 10-00967-CV-W-DGK, 2011 WL 2221058, at *3–5 (W.D. Mo. June 1, 2011); *Main Street Bank v. Carlyle Van Lines, Inc.*, No. 4:08-CV-0546-DGK, 2010 WL 11509015, at *2 (W.D. Mo. June 1, 2010). Since the Court issued these decisions, the Eighth Circuit has made clear that any claims "grounded in fraud" must meet the heightened pleadings requirement of Rule 9(b). *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015).

2

## Discussion

**I.  The heightened pleading standard applies to the negligent misrepresentation claim.**

The Amended Complaint alleges, "Eisai breached [its] duty in representing Belviq's serious side effects involving cancer," Eisai represented "that Belviq was safe for consumers," and Eisai's failure to disclose material past and existing facts of Belviq's risk of cancer were made or omitted with the intent to induce Plaintiff to rely upon those facts or omissions." Am. Compl. ¶¶ 104, 110, ECF No. 35.  That is, it alleges Eisai knew of undisclosed cancer risks associated with Belviq and withheld such information with the intent to deceive.  Thus, the Court concludes Plaintiff's negligent misrepresentation claim is grounded in allegations of fraud and is subject to Rule 9(b)'s heightened pleading standards.

Plaintiff's negligent misrepresentation claim cannot meet this heightened standard because it does not provide the requisite who, what, where, when, and how of the alleged fraud.  The Amended Complaint does not identify a single specific representation that was allegedly false.  It alleges that "Eisai, in the course of selling Belviq, supplied information about [Belviq] through television commercials, advertisements, marketing campaigns, sales representatives, labeling, and warnings," and it falsely represented that Belviq "had been tested and found to be safe and effective for chronic weight management."  Am. Compl. ¶¶ 102-03.  But "general allegations about a particular Defendant's marketing and advertising strategy" are insufficient to identify the allegedly false information underlying a misrepresentation claim.  *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, 687 F. Supp. 2d 897, 904 (W.D. Mo. 2009).

The Amended Complaint's references to an undated "willpower" television commercial that allegedly disclosed "numerous potential side effects" associated with Belviq, as well as a quote from sometime in 2014 by Eisai's Vice President of Specialty Marketing stating that the goal of

3

the ad was to "turn up the volume on the conversation using realistic situations and questions that real people encounter to raise awareness and encourage those who continue to struggle with their weight to speak to their doctor about Belviq," Am. Compl. ¶¶ 105-07, are not sufficient either. Neither the commercial nor the Vice-President's statement constitutes a misrepresentation because Plaintiff has not pleaded any facts suggesting that the information provided was false. To the extent that Plaintiff's misrepresentation claim can be construed as alleging that Eisai purportedly failed to provide warnings regarding cancer risks associated with Belviq, Plaintiff has not identified with the requisite particularity any specific piece of information that Eisai allegedly should have disclosed. *See Wengert v. Thomas L. Meyer, Inc.*, 152 S.W.3d 379, 382 (Mo. App. 2004) ("[T]o recover for nondisclosure, the plaintiff must show that the defendant knew or should have known about the underling factual information that allegedly should have been disclosed.").

The Amended Complaint also fails to allege sufficient facts in support of the element of reliance. "Under Missouri law, to succeed on a negligent misrepresentation claim, the plaintiff must establish that he actually relied on the misrepresentation." *Boles v. U.S. Dep't of Veterans Affairs*, No. 4:14-0634-CV-DGK, 2015 WL 4425797, at *2 (W.D. Mo. July 20, 2015). In product liability actions involving pharmaceutical and medical products, the plaintiff must allege with the requisite specificity that the plaintiff or her physician actually relied on the alleged misrepresentation in question. *See Gillan v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 849 (E.D. Mo. 2019). In the present case, Plaintiff's general averments that Eisai had a duty to exercise reasonable care to "all those relying on the information provided, including Plaintiff, her healthcare providers, and the public in general that said product, Belviq, had been tested and found to be safe and effective for chronic weight management," Am. Compl. ¶ 102, or that an "adequate warning[] . . . would have been heeded," *id*. ¶ 112, are too generalized to establish reliance.

4

Because the Amended Complaint fails to satisfy Rule 9(b)'s heightened pleading requirements, the negligent misrepresentation claim must be dismissed.

Eisai's motion to dismiss is GRANTED. Count IV of the Amended Compliant is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: October 14, 2021                              /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT