IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMY DAVIS, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-00762-CV-DGK |
| EISAI, INC. and ARENA PHARMACEUTICALS, INC., | ) ) ) ) | |
|     Defendants. | ) ) | |

**ORDER GRANTING IN PART ARENA'S MOTION TO DISMISS**

This product liability lawsuit arises out of Plaintiff Amy Davis' use of the prescription weight-loss medication Belviq, also known as lorcaserin hydrochloride. Plaintiff alleges her use of Belviq caused or significantly contributed to her development of breast cancer.

Now before the Court is Defendant Arena Pharmaceuticals, Inc.'s ("Arena") motion to dismiss the counts against it in Plaintiff's Amended Complaint for failure to state a claim. ECF No. 41. For the following reasons, the motion is GRANTED IN PART. Count I is dismissed without prejudice against Arena.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff [ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Discussion

### I. Count I fails to state a claim against Arena for design defect.

Arena moved to dismiss the design defect claim in the initial Complaint on the grounds that it improperly relied on group pleading; that is, the Complaint asserted a meaningless series of general allegations as to all defendants collectively. Plaintiff responded to the motion by filing the Amended Complaint, ECF No. 35. Although the Amended Complaint is marginally better, it continues to conflate Defendants' roles. For example, with respect to the design defect claim, the initial Complaint alleged that, "At all times herein mentioned, Defendants are the researchers, designers, manufacturers, testers, advertisers, promoters, marketers, packagers, labelers, sellers and/or distributors of Belviq, which is defective and unreasonably dangerous." Compl. ¶ 81. The Amended Complaint is not meaningfully different. It alleges:

> 53. At all times herein mentioned, Defendant Arena was involved in researching, designing, developing, testing, selling and/or distributing Belviq, which is defective and unreasonably dangerous.

> 54. At all times herein mentioned, Defendant Eisai was involved in researching, designing, developing, testing, selling and/or distributing Belviq, which is defective and unreasonably dangerous.

2

Am. Compl. ¶¶ 53–54.  Splitting the conflating paragraph into two separate paragraphs making identical general allegations does not cure the group pleading problem here; the Amended Complaint still pleads identical general allegations that fail to distinguish between the two Defendants.  As a result, it is impossible to understand Plaintiff's theory of the case as to each Defendant.

Additionally, the Amended Complaint arguably makes at least one allegation against Arena which is patently incorrect.  Arena argues—and Plaintiff does not dispute—that public records filed with the Food and Drug Administration demonstrate Arena was not involved in selling or distributing Belviq.[1]

The Court concludes Count I fails to state a claim against Arena.  Since it is conceivable these defects can be cured, however, this dismissal is without prejudice.

## II. The motion is denied with respect to the failure to warn claims (Counts II and III).

Arena argues Plaintiff's failure to warn claims are barred both by the learned intermediary doctrine, under which drug manufacturers and device makers have no duty to provide warnings directly to patients, and because Arena never distributed or sold Belviq in the United States.

The Amended Complaint sufficiently alleges that Arena failed to provide adequate warnings to *Plaintiff's doctor* concerning the risks of cancer with Belviq.  Am. Compl. ¶¶ 75–76, 82–84.  This is enough to plead failure to warn.  *See Mitchell v. Covidien PLC*, No. 4:14-0636-CV-FJG, 2015 WL 12804270, at *5 (W.D. Mo. Sept. 28, 2015) ("In a medical device failure to warn, under the "learned intermediary" doctrine, a plaintiff must also allege facts supporting an inference that the defendant did not warn plaintiff's *physician* of the risks associated with the

---

[1] The Court cannot make any finding as to whether this assertion is true or not since it was unable to find the web pages at the web addresses listed in Arena's brief.  Suggestions in Supp. at 3, ECF No. 42.  The Court suspects these web pages have been archived or moved to another location.

3

Case 4:20-cv-00762-DGK   Document 51   Filed 10/14/21   Page 3 of 5

device."). Of course, as this Court recently observed, to the degree Plaintiff's failure to warn claims are premised on Arena's failure to warn anyone other than Plaintiff's doctor, they fail to state a claim and are dismissed. *Guilford v. Boston Scientific Corp.*, No. 4:19-00955-CV-DGK, 2020 WL 1668279, at *2 (W.D. Mo. Apr. 3, 2020).

As for Arena's other argument, although it contends the Court can take judicial notice of the fact that it never distributed or sold Belviq in the United States, the Court cannot determine from the existing record whether this is true. Hence, the factual predicate for this argument is not satisfied. Additionally, the parties disagree as to whether a defendant must have sold the product in the course of its business in order to be liable on a failure to warn claim, and their briefing on this question is somewhat limited.

Accordingly, the motion to dismiss is denied with respect to these claims. That said, since Arena contends the Court can take judicial notice of the fact that it never distributed or sold Belviq in the United States, it appears these claims could be resolved in the near future on a motion for summary judgment.

**III.   The Amended Complaint sufficiently pleads a negligence claim against Arena.**

Finally, the Court holds the Amended Complaint sufficiently pleads a negligence claim against Arena. The elements of a negligence claim under Missouri law are duty, breach, causation, and injury to the plaintiff. *Nickel v. Stephens College*, 480 S.W.3d 390, 400 (Mo. Ct. App. 2015). The Amended Complaint alleges "Arena had a duty to exercise reasonable care in designing, developing, researching, testing, and manufacturing" Belviq. Am. Compl. ¶ 87. It alleges Arena breached this duty by: failing to thoroughly or adequately test it; failing to warn of the cancer risks associated with it; under-reporting, underestimating, and downplaying the dangers of its association with cancer; and failing to warn Plaintiff about the need for more comprehensive or

4

more regular medical monitoring than usual to ensure early detection of cancer.  Am. Compl. ¶¶ 90(a), 90(c), 91, 93, and 96.  It claims this conduct "was the proximate cause of Plaintiff's cancer-related injuries."  *Id*. at ¶ 98.  Finally, it contends she suffered injuries in the form of side effects leading to her breast cancer, which caused her to incur "medical, health, incidental, and related expenses."  *Id*. at ¶¶ 99-100.  These allegations are sufficient to state a claim for negligence.

## Conclusion

The motion is GRANTED IN PART.  Count I is dismissed without prejudice against Arena.

**IT IS SO ORDERED.**

Date:  October 14, 2021                           /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT